# COMPOSITE EXHIBIT 1



**SHARON R. BOCK**

**RECEIPT**
3250606

CLERK & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
07/16/2019 01:42
Page 1 of 1

| Receipt Number: 3250606 - Date 07/16/2019 Time 1:41PM | | | |
|---|---|---|---|
| **Received of:** | Howard Rubinstein<br>4000 N. OCEAN DR EAST TOWER<br>SUITE 201<br>RIVIERA BEACH, FL 33404 | | |
| **Cashier Name:** ADMIN | | **Balance Owed:** | 310.00 |
| **Cashier Location:** E-Filing | | **Total Amount Paid:** | 310.00 |
| **Receipt ID:** 9533816 | | **Remaining Balance:** | 0.00 |
| **Division:** RL: County Civil Central - RL(Civil) | | | |

| Case# 50-2019-CC-009140-XXXX-MB -- PLAINTIFF/PETITIONER: WATERS, AIMEE | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 310.00 | 310.00 | 0.00 |
| **Case Total** | **310.00** | **310.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 25278805 | 310.00 |
| **Total Received** | | **310.00** |
| **Total Paid** | | **310.00** |

**How was your service today?** Please visit www.mypalmbeachclerk.com/survey or send your
feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



NOT A CERTIFIED COPY

## IN THE COUNTY COURT, PALM BEACH COUNTY, FLORIDA
## CIVIL ACTION

UNIFORM CASE NO. 50-2019-CC-009140-XXXX-MB
DIVISION:RL: County Civil Central - RL (Civil)

AIMEE WATERS

PLAINTIFF(S),

-VS-

HOME DEPOT USA INC

DEFENDANT(S),

### *** S U M M O N S ***

THE STATE OF FLORIDA:

TO EACH SHERIFF IN THE STATE:

YOU ARE COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT OR PETITION IN THIS ACTION ON DEFENDANT(S)

**HOME DEPOT USA INC**

1201 HAYS STREET
TALLAHASSEE, FL  32301

EACH DEFENDANT IS REQUIRED TO SERVE WRITTEN DEFENSES TO THE COMPLAINT OR PETITION ON PLAINTIFFS ATTORNEY WHOSE NAME AND ADDRESS IS:

RUBINSTEIN, HOWARD W 1281 N OCEAN DR APT 182 SINGER ISLAND FL 33404 8327152788

WITHIN TWENTY (20) DAYS AFTER SERVICE OF THIS SUMMONS ON THAT DEFENDANT, EXCLUSIVE OF THE DAY OF SERVICE, AND TO FILE THE ORIGINAL  OF THE DEFENSES WITH THE CLERK OF THIS COURT EITHER BEFORE SERVICE ON PLAINTIFFS ATTORNEY OR IMMEDIATELY THEREAFTER.  IF A DEFENDANT FAILS TO DO SO, A DEFAULT WILL BE ENTERED AGAINST THAT DEFENDANT FOR THE RELIEF DEMANDED IN THE COMPLAINT OR PETITION.

DATED ON 16th of July, 2019



**Sharon R. Bock**
**Clerk & Comptroller**
By:

Bysiewicz, Nina M as Deputy Clerk

NOT A CERTIFIED COPY

FILED: PALM BEACH COUNTY, FL SHARON R BOCK, CLERK. 07/16/2019 03:44:56 PM

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Tammy Anton, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo  nan Tribinal Konte  Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou  pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

NOT A CERTIFIED COPY

FILED: PALM BEACH COUNTY, FL SHARON R BOCK, CLERK. 07/16/2019 03:44:56 PM

# AFFIDAVIT OF SERVICE

| State of Florida | County of PALM BEACH | COUNTY Court |
|---|---|---|

Case Number: 50-2019-CC-009140-XXXX-MB

Plaintiff:
**AIMEE WATERS**

vs.

Defendant:
**HOME DEPOT USA INC**

For:
HOWARD RUBINSTEIN, ESQ.
THE LAW OFFICE OF HOWARD W. RUBINSTEIN
4000 N. OCEAN DRIVE
APT. 201
SINGER ISLAND, FL 33404

Received by COURTESY PROCESS SERVERS on the 17th day of July, 2019 at 4:38 pm to be served on **HOME DEPOT USA INC, 1201 HAYS STREET, TALLAHASSEE, FL 32301.**

I, MICHAEL C. NOLAN, being duly sworn, depose and say that on the **18th day of July, 2019** at **10:10 am, I:**

**CORPORATE:** served by delivering a true copy of the **SUMMONS; COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF WITH EXHIBITS** with the date and hour of service endorsed thereon by me, to: **GWEN BUTLER** as **AUTHORIZED REPRESENTATIVE** for the Registered Agent of HOME DEPOT USA INC at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 65+, Sex: F, Race/Skin Color: WHITE, Height: 5'5", Weight: 200, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

Subscribed and Sworn to before me on the 18th day of July, 2019 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**MICHAEL C. NOLAN**
Certified Process Server, #111

**COURTESY PROCESS SERVERS**
**6800 BIRD ROAD**
**SUITE 191**
**MIAMI, FL 33155**
**(305) 330-1855**

Our Job Serial Number: MCN-2019008495

NOT A CERTIFIED COPY

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

# IN THE COUNTY COURT, PALM BEACH COUNTY, FLORIDA
## CIVIL ACTION

UNIFORM CASE NO. 50-2019-CC-009140-XXXX-MB
DIVISION:RL: County Civil Central – RL (Civil)

**AIMEE WATERS**

PLAINTIFF(S),

-VS-

**HOME DEPOT USA INC**

DEFENDANT(S),

### *** S U M M O N S ***

THE STATE OF FLORIDA:

TO EACH SHERIFF IN THE STATE:

YOU ARE COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT OR PETITION IN THIS ACTION ON DEFENDANT(S)

**HOME DEPOT USA INC**

1201 HAYS STREET
TALLAHASSEE, FL  32301

EACH DEFENDANT IS REQUIRED TO SERVE WRITTEN DEFENSES TO THE COMPLAINT OR PETITION ON PLAINTIFFS ATTORNEY WHOSE NAME AND ADDRESS IS:

RUBINSTEIN, HOWARD W 1281 N OCEAN DR APT 182 SINGER ISLAND FL 33404 8327152788

WITHIN TWENTY (20) DAYS AFTER SERVICE OF THIS SUMMONS ON THAT DEFENDANT, EXCLUSIVE OF THE DAY OF SERVICE, AND TO FILE THE ORIGINAL  OF THE DEFENSES WITH THE CLERK OF THIS COURT EITHER BEFORE SERVICE ON PLAINTIFFS ATTORNEY OR IMMEDIATELY THEREAFTER.  IF A DEFENDANT FAILS TO DO SO, A DEFAULT WILL BE ENTERED AGAINST THAT DEFENDANT FOR THE RELIEF DEMANDED IN THE COMPLAINT OR PETITION.

DATED ON 16th of July, 2019

**Sharon R. Bock**
**Clerk & Comptroller**
By:



Bysiewicz, Nina M as Deputy Clerk

MCN. No. 111

is a certified process server in the
Circuit and County Courts
in and for the Second Judicial Circuit

NOT A CERTIFIED COPY

"**If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**"

"**Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.   Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**"

"**Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Tammy Anton, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo  nan Tribinal Konte  Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou  pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.**"

IN THE COURT, FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:
DIVISION:

AIMEE WATERS,

        Plaintiff,

vs.

HOME DEPOT USA, INC.,

        Defendant.

_____/

## **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

      Plaintiff, AIMEE WATERS, by and through the undersigned counsel, bring suit against Defendant, HOME DEPOT USA, INC. ("Home Depot"), and allege:

## **PARTIES, JURISDICTION, & VENUE**

1. This is an action for injunctive relief and declaratory relief, actual damages of no more than $5,000, exclusive of interest, costs, and for attorney's fees and costs.

2. Plaintiff, AIMEE WATERS is a natural person and resident of Palm Beach County, Florida, and has standing to bring this action by virtue of being the subject of Defendant's violations of law as better described herein, which occurred in West Palm Beach, Florida.

3. Defendant, HOME DEPOT, is a chain of American home-improvement

warehouses headquartered in Atlanta, Georgia, which at all times material hereto was conducting business in Florida, maintained agents for the customary transaction of business in Florida, and conducted substantial and not isolated business activity within this State.

4.   Based on the foregoing, venue is proper in the above-captioned Court, and this Court has jurisdiction over the causes of action alleged herein as a superior court processing plenary and general jurisdiction.

## FACTS

5.   On or about May 29, 2019, Plaintiff, AIMEE WATER purchased the Product (roundup) from a Home Depot located at 220 State Road 7, West Palm Beach, Florida 33414.

6.   The Product has not been altered between manufacture and points of sale. A photograph of the Product's principal display panel ("PDP") is attached hereto as "EXHIBIT A."

7.   The PDP states, "Keep Out of Reach of Children" and Caution," acknowledging the danger of the Product and such use. [1]

8.   Defendant, HOME DEPOT, acknowledges the Product is health hazardous on the Material Safety Data Sheet (hereinafter "MSDS"):

> Inhalation and skin contact are expected to be the primary routes of occupational exposure to glyphosate. Occupational exposure to this material has not been reported to cause significant adverse health effects. However, swallowing of a similar, but more concentrated formulation, has

---

[1] Material Safety Data Sheet, Roundup Weed & Grass Killer 1 Ready-To-Use, #7070, **EPA REG. NO.:** 71995-23 **PN:** 7037 (October 31, 2000).

been reported to produce gastrointestinal discomfort, nausea, vomiting and diarrhea.

9. Defendant acknowledges inhalation of glyphosate "are expected to be the primary of occupational exposure."[2]

10. Defendant fails to warn the consumer the Product contains health hazardous and dangerous chemicals by lacking proper use instructions.[3]

11. Defendant, HOME DEPOT, does not place the proper warning labels on the Product that consumers should use precautions as the Product contains unsafe and hazardous chemicals.

12. In reliance on the Product label and advertising Plaintiff believed she was purchasing a safe product despite the product containing unsafe ingredients without proper label warning and paid a premium for such Product.

13. Defendant, HOME DEPOT, represents the Product as safe by failing to place proper warning labels on the Product.

14. Defendant, HOME DEPOT, was aware of the present and substantial danger to consumers while using or misusing the Product in an intended and reasonably foreseeable way and did not disclose the potential risks to consumers.

15. Defendant, HOME DEPOT, markets, advertises, and sells the Product as being safe and does not include the proper warning label on the Product.

---

[2] MSDS, supra note 1, at 1.
[3] Chemical Cartridge/Gas Mask Respirator: Gas masks are also known as "air-purifying respirators" because they filter or clean chemical gases out of the air as you breathe. This respirator includes a facepiece or mask, and a cartridge or canister. Straps secure the facepiece to the head. The cartridge may also have a filter to remove particles. Gas masks are effective only if used with the correct cartridge or filter (these terms are often used interchangeably) for a particular biological or chemical substance. Selecting the proper filter can be a complicated process. There are cartridges available that protect against more than one hazard, but there is no "all-inone" cartridge that protects against all substances. It is important to know what hazards you will face in order to be certain you are choosing the right filters/cartridges. U.S. Dep't of Labor, OSHA Bulletin, General Respiratory Protection Guidance for Employees and Workers.

3

16. Defendant, HOME DEPOT, knew the potential risks which resulted from the use of the Product and did not include the proper warning label.

17. Defendant, HOME DEPOT, fails to warn the consumer the Product contains unsafe and health hazardous ingredients.

18. Defendant, HOME DEPOT, labels fail to include the proper warning and instruct consumers to wear protective safety features while using or misusing the Product in a reasonably foreseeable manner.

19. Had Plaintiff had known the carcinogenic properties of Roundup and its link to cancer, he would not have purchased it.

20. Had Defendant, HOME DEPOT, placed proper warning labels, such as Exhibit B, plaintiff would have not purchased the Product.

21. Accordingly, Plaintiff and all other consumers purchasing the Product at retail stores throughout Florida have been, are, and will continue to be aggrieved by a deceptively labeled and marketed product and by being deprived of the benefit of the bargain they reasonably anticipated from the Product labeling and lack of proper warning label.

22. Defendant, HOME DEPOT, unlawfully markets, advertises, sells, and distributes the Product to Florida purchasers in retail locations.

23. Defendant, HOME DEPOT, sells the Product at a premium price, above other similar products in the marketplace that contain safe ingredients.

24. Defendant's false and misleading representations and omissions deceive Florida consumers.

25. Plaintiff has performed all conditions precedent to bringing this Action.

## GLYPHOSATE CLASSIFICATION

26. Defendant's Product is in fact not safe as it contains the chemical Glyphosate, which is known as probable carcinogen.[4]

27. Glyphosate[5] has currently the highest global production of all herbicides.

28. Glyphosate has been classified as Group 2A by the International Agency for Research on Cancer (IRAC) means that the agent is **probably carcinogenic to humans**.

29. The IARC also found that glyphosate caused DNA and chromosomal damage in human cells.

30. The Product contains the ingredient, Glyphosate, isopropylamine salt 2.0% as a active ingredient within the Product.[6]

## MONSANTO LOSES THREE VERDICTS AFTER ROUNDUP IS FOUND TO CAUSE CANCER IN HUMANS

31. On August 10, 2018, a unanimous California jury in Johnson v. Monsanto Co., No. CGC16550128 (Cal. Super. Ct., Cnty. of S.F.) held Roundup and Ranger Pro herbicides were unsafe and were a substantial factor in causing harm to the plaintiff.  The jury also found MONSANTO COMPANY failed to adequately warn customers of the risks associated with its Roundup and stronger Ranger Pro products, and that the company acted with malice or oppression.

32. On March 27, 2019, a unanimous California jury in Hardemon v. Monsanto Co.,

---

[4] Intenat'l Agency for Research on Cancer, WHO, IRAC Monographs Volume 112: *evaluation of five organophosphate insecticides and herbicides*. March 20, 2015.
[5] The agricultural use of glyphosate has increased sharply since the development of crops that have been genetically modified to make them resistant to glyphosate. Glyphosate is also used in forestry, urban, and home applications. Glyphosate has been detected in the air during spraying, in water, and in food. The general population is exposed primarily through residence near sprayed areas, home use, and diet, and the level that has been observed is generally low. Id.
[6] The Product's active ingredient of Glyphosate, isopropylamine salt increased .06% after the year 2007. MDSD, supra note, 1 at 1.

No. 3:16-mc-80232 (N.D. Cal.) found Monsanto Company liable for failing to warn Roundup could cause cancer, liable for negligence, and liable in a design defect claim. [7]

33. On May 13, 2019, a California jury found the Product likely caused a couple's cancer in Pilliod v. Monsanto Co., No. RF17862702 (Cal. Super. Ct., Cnty. of Alameda). The jury found on a preponderance of the evidence Roundup was a significant contributing factor in causing the plaintiff's non-Hodgkin's lymphoma.

34. As distinguishable from Mourina Doss v. General Mills, Southern District of Florida, case 0:2018cv61924 (2018) as the case was dismissed for lack of evidence leading to a concrete injury that was caused by consumption of oats treated with the dangerous chemical glyphosate which is labeled "probably" cacogenic.

## GLYPHOSATE BANNED

35. Over 20 countries World-wide have banned the use of glyphosate-based herbicides over health concerns. [8]

36. There countries are including, but not limited to; Australia, Austria, Belgium, Bermuda, Canada, Denmark, France, Sweden, Switzerland, etc.  All of these countries and other have either ban the use of glyphosate based herbicides or addressed health concerns over the use of the glyphosate based products.

37. Over 20 states within the United States have ban the use of glyphosate products or

---

[7] In the case of Hardeman the Court was presented with the issue of "general causation" if the chemical Glyphosate is capable of causing cancer, specifically Hodgkin's Lymphoma. The court found the findings of the EPA and IARC are relevant in this determination. Further, the Court found that Monsanto's attempt to conceal documents, which revealed Monsanto's efforts to influence agencies. The Court ultimately allowed these documents to be admitted into evidence, along with various experts for the EPA and IARC. This matter resulted in a jury verdict in favor plaintiff and a jury award of $80 million dollars. Hardeman v. Monsanto Co. et al., case number 3:16-mc-80232 (and the MDL is In re: Roundup Products Liability Litigation, case number 3:16-md-02741) . See also Pilliod et. al. v. Monsanto et. al., Superior Court of the Sate of California, Case No. RG17862702 (2019). See also Johnson v. Monsanto Company, Superior Court of the Sate of California, Case No. CGC-16-550128 (2018).

[8] Where is Glyphosate banned?  https://www.baumhedlundlaw.com/toxic-tort-law/monsanto-roundup-lawsuit/where-is-glyphosate-banned/, (2019).

addressed health concerns over the use of products which contain glyphosate.

38. The State of California Benicia County has outlawed the use of glyphosate products, as well as several other counties.

39.  The State of Florida Fish and Wildlife Conservation Commission has ceased the use of herbicides, glyphosate chief among them while the agency gathers more evidence of glyphosates harmful effects.

40. Further, several counties in Florida have decided the following:

- Fort Myers Beach, Florida – The city has decided to ban Roundup.
- Key West, Florida – Key West City Commission banned the use of Roundup on city-owned property, citing a $2.055 billion jury verdict in California.
- Martin County, Florida – The local government instituted a Roundup ban that applies to all county employees and contractors working on county projects.
- Miami, Florida – Announced a city-wide ban on glyphosate-based herbicides in February of 2019.
- Miami Beach, Florida – Passed a resolution banning the use of glyphosate weed killers for landscaping and maintenance work on city-owned property.
- North Miami, Florida – City Council approved a plan calling for the gradual reduction of pesticide use on city property and a study on alternative pesticides.
- Satellite Beach, Florida – City Council unanimously approved a resolution that bans the city and its contractors from using glyphosate-based herbicides, including Monsanto's Roundup.
- Stuart, Florida – City commissioners voted to ban glyphosate, calling for an integrated pest control plan that reduces the use of glyphosate with the ultimate goal of eliminating chemicals.[9]

## CAUSE OF ACTION

## COUNT I: VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")

1.  Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs one (1) through twenty (34) here of this Complaint as if fully set

---

[9] Id.

forth verbatim.

2.   Plaintiff was at all times material an individual and are thus a "consumer," as

Defined by section 501.203(7), Florida Statutes.

3.   Defendant was at all times materially engaged in advertising, providing, offering,

and distributing by sale a tangible good, otherwise known as "trade or commerce", as

defined by section 501.203(8), Florida Statutes.

4.   Defendant, by advertising, distributing, and selling the Product that was

deceptively marketed by omission of material information, engaged in unfair and

deceptive acts and practices as contemplated in section 501.204(1), Florida Statutes.

5.   Plaintiff is entitled to bring this Action for declaratory and injunctive relief for the

benefit of themselves and all other consumers throughout Florida who have been, are,

and will be aggrieved by the Product, pursuant to section 501.211(1), Florida Statutes.

6.   This Action concerns a bona fide, actual, and existing need for declaration that the

Product is deceptively labeled and marketed, for the benefit of Plaintiff.

7.   Additionally, Plaintiff is entitled to bring this Action pursuant to section

501.211(2), Florida Statutes, for actual damages, which amount to the purchase price of

the Product, as they have paid a premium price for the Product which has been marketed,

advertised, sold, and distributed.

8.   Plaintiff has and will incur reasonable costs and attorney's fees in pursuit of this

Action.

**WHEREFORE,** Plaintiff pray this Court enter a judgment declaring the Product

label to be materially misrepresentative of the Product, and that the Product is therefore

deceptively marketed and sold; enjoining Defendant from selling marketing, distributing,

and selling the Product unless/until Defendant remedies the Product packaging or in the alternative using Plaintiff's suggested warning labels; awarding Plaintiff's actual damages, costs, and reasonable attorney's fees pursuant to section 501.211(2), Florida Statutes; and granting all other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable.

Submitted: <u>July 15, 2019</u>

<u>By: /s/ Howard W. Rubinstein</u>
Howard W. Rubinstein, Esq.
The Law Office of Howard W. Rubinstein
 1281 N. Ocean Dr. Apt. 182
 Singer Island, FL 33404
 Telephone: 832-715-2788
 Fax: 561-688-0630
 Email: howardr@pdq.net

EXHIBIT A



Exhibit B

Front A



13

Front B



Back A-1

Back A-2

Pamphlet A



Pamphlet B



Pamphlet C



Pamphlet D



Pamphlet Cover
BACK B-1



Pamphlet Cover
BACK B-1



Pamphlet Cover
BACK B-2



Alternate Logo

BACK B-3

Home Depot Roundup Display
with Cancer Warning SIgns



IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 2019-009140

AIMEE WATERS,

      Plaintiff,

vs.

HOME DEPOT USA, INC.,

      Defendant.

_____/

## NOTICE OF APPEARANCE

    The Law Firm of LUKS, SANTANIELLO, PETRILLO & COHEN, hereby files its Notice of Appearance as Counsel for Defendant, Home Depot U.S.A., Inc., herein and requests service of all pleadings, notices and other papers in this matter.

## CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CMECF and Electronic Mail, to all counsel of record on the attached Service List, this 2nd day of August, 2019.

                    LUKS, SANTANIELLO, PETRILLO & COHEN
                    Attorneys for Defendant
                    150 W. Flagler Street
                    Suite 2600
                    Miami, FL 33130
                    Telephone: (305) 377-8900
                    Facsimile: (305) 377-8901

                    By: */s/Stuart L. Cohen*_____

DANIEL J. SANTANIELLO
Florida Bar No.: 860948
dsantaniello@insurancedefense.net
STUART L. COHEN
Florida Bar No.: 0927066
scohen@insurancedefense.net
EDGARDO FERREYRA
Florida Bar No.: 685623
eferreyra@insurancedefense.net
LUKSMIA-Pleadings@LS-Law.com

IN THE COUNTY COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 2019-009140

AIMEE WATERS,

      Plaintiff,

v.

HOME DEPOT USA, INC.,

      Defendant.

_____/

## **DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Pursuant to Florida Rule of Civil Procedure 1.090, Defendant Home Depot U.S.A., Inc. ("THD" or "Defendant"), by and through undersigned counsel, hereby files this Unopposed Motion for Enlargement of Time to Respond to Plaintiff Aimee Waters's ("Plaintiff") Complaint for Injunctive and Declaratory Relief ("Complaint"). In support of its request, THD states:

1.     This matter arises out of Plaintiff's alleged purchase of a "Roundup" brand herbicide product from one of Defendant's retail stores located in Palm Beach County, Florida.

2.     Plaintiff filed the Complaint on July 15, 2019 and subsequently served the Complaint upon THD on July 18, 2019, thereby causing THD's response to the Complaint to be due no later than August 7, 2019.

3.     On August 2, 2019, Plaintiff and THD conferred via telephone regarding an enlargement of time for THD to respond to the Complaint, and Plaintiff agreed that THD could have additional time to prepare a response.

4.     Specifically, Plaintiff and THD agreed that THD could have up through and including Thursday, September 5, 2019 to file its response to the Complaint.

WHEREFORE, Defendant Home Depot U.S.A., Inc., respectfully requests that the Court enter an Order extending Defendant's deadline to respond to the Complaint up through and including September 5, 2019, and that the Court grant such further relief it deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CMECF and Electronic Mail, to all counsel of record on the attached Service List, this 2nd day of August, 2019.

LUKS, SANTANIELLO, PETRILLO & COHEN
Attorneys for Defendant
150 W. Flagler Street
Suite 2600
Miami, FL 33130
Telephone:  (305) 377-8900
Facsimile:  (305) 377-8901

By: */s/Stuart L. Cohen*
   DANIEL J. SANTANIELLO
   Florida Bar No.: 860948
   dsantaniello@insurancedefense.net
   STUART L. COHEN
   Florida Bar No.: 0927066
   scohen@insurancedefense.net
   EDGARDO FERREYRA
   Florida Bar No.: 685623
   eferreyra@insurancedefense.net
   LUKSMIA-Pleadings@LS-Law.com

IN THE COUNTY COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 19-009140

AIMEE WATERS,

      Plaintiff,

v.

HOME DEPOT USA, INC.,

      Defendant.

_____/

## DEFENDANT'S UNOPPOSED AMENDED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Pursuant to Florida Rule of Civil Procedure 1.090, Defendant Home Depot U.S.A., Inc. ("THD" or "Defendant"), by and through undersigned counsel, hereby files this Unopposed Amended Motion for Enlargement of Time to Respond to Plaintiff Aimee Waters's ("Plaintiff") Complaint for Injunctive and Declaratory Relief ("Complaint"). In support of its request, THD states:

1. This matter arises out of Plaintiff's alleged purchase of a "Roundup" brand herbicide product from one of Defendant's retail stores located in Palm Beach County, Florida.

2. Plaintiff filed the Complaint on July 15, 2019 and subsequently served the Complaint upon THD on July 18, 2019, thereby causing THD's response to the Complaint to be due no later than August 7, 2019.

3. On August 2, 2019, Plaintiff and THD conferred via telephone regarding an enlargement of time for THD to respond to the Complaint, and Plaintiff agreed that THD could have additional time to prepare a response.

4.      Specifically, Plaintiff and THD agreed that THD could have up through and including Monday, October 7, 2019 to file its response to the Complaint.

WHEREFORE, Defendant Home Depot U.S.A., Inc., respectfully requests that the Court enter an Order extending Defendant's deadline to respond to the Complaint up through and including September 5, 2019, and that the Court grant such further relief it deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CMECF and Electronic Mail, to all counsel of record on the attached Service List, this 7th day of August, 2019.

LUKS,    SANTANIELLO,    PETRILLO    &    COHEN
Attorneys for Defendant
150 W. Flagler Street
Suite 2600
Miami, FL 33130
Telephone:  (305) 377-8900
Facsimile:  (305) 377-8901

By: */s/Stuart L. Cohen*
    DANIEL J. SANTANIELLO
    Florida Bar No.: 860948
    dsantaniello@insurancedefense.
    net STUART L. COHEN
    Florida Bar No.: 0927066
    scohen@insurancedefense.net
    EDGARDO FERREYRA
    Florida Bar No.: 685623
    eferreyra@insurancedefense.
    net
    LUKSMIA-Pleadings@LS-Law.com

12820676 v3

IN THE COUNTY COURT OF THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 19-009140

AIMEE WATERS,

      Plaintiff,

v.

HOME DEPOT USA, INC.,

      Defendant.

_____/

## DEFENDANT'S UNOPPOSED SECOND AMENDED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Pursuant to Florida Rule of Civil Procedure 1.090, Defendant Home Depot U.S.A., Inc. ("THD" or "Defendant"), by and through undersigned counsel, hereby files this Unopposed Amended Motion for Enlargement of Time to Respond to Plaintiff Aimee Waters's ("Plaintiff") Complaint for Injunctive and Declaratory Relief ("Complaint"). In support of its request, THD states:

1.    This matter arises out of Plaintiff's alleged purchase of a "Roundup" brand herbicide product from one of Defendant's retail stores located in Palm Beach County, Florida.

2.    Plaintiff filed the Complaint on July 15, 2019 and subsequently served the Complaint upon THD on July 18, 2019, thereby causing THD's response to the Complaint to be due no later than August 7, 2019.

3.    On August 2, 2019, Plaintiff and THD conferred via telephone regarding an enlargement of time for THD to respond to the Complaint, and Plaintiff agreed that THD could have additional time to prepare a response.

4.     Specifically, Plaintiff and THD agreed that THD could have up through and including Monday, October 7, 2019 to file its response to the Complaint.

WHEREFORE, Defendant Home Depot U.S.A., Inc., respectfully requests that the Court enter an Order extending Defendant's deadline to respond to the Complaint up through and including October 7, 2019, and that the Court grant such further relief it deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CMECF and Electronic Mail, to all counsel of record on the attached Service List, this 9th day of August, 2019.

LUKS,     SANTANIELLO,     PETRILLO     &
COHEN
Attorneys for Defendant
150 W. Flagler Street
Suite 2600
Miami, FL 33130
Telephone:  (305) 377-8900
Facsimile:  (305) 377-8901

By: */s/Stuart L. Cohen*
    DANIEL J. SANTANIELLO
    Florida Bar No.: 860948
    dsantaniello@insurancedefense.
    net STUART L. COHEN
    Florida Bar No.: 0927066
    scohen@insurancedefense.net
    EDGARDO FERREYRA
    Florida Bar No.: 685623
    eferreyra@insurancedefense.
    net
    LUKSMIA-Pleadings@LS-Law.com

12820676 v3